**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| IZET TURSUNOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:25-CV-499-HAB-ALT |
| | ) | |
| WALMART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for an Order on the Magistrate Judge's Report and Recommendation ("R&R") in which the Magistrate Judge *sua sponte* recommends that the case be dismissed with prejudice as a sanction under Fed. R. Civ. P. 16(f)(1) and Fed. R. Civ. P. 41(b) for failure to prosecute. (ECF No. 36). That R&R was issued on January 7, 2026. The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). That deadline has passed without any objections filed by the parties.

Plaintiff Izet Tursunovic filed his original complaint in state court on August 7, 2025, alleging negligence for failure to address dangerous conditions of Defendant's premises. (ECF No. 4). It was removed to this Court on September 19, 2025. (ECF No. 1).[1] On September 26, 2025, the Court set a PPTC for December 3, 2025, and ordered the parties and their counsel to appear in person. (ECF No. 6).

On October 7, 2025, Plaintiff's counsel filed a motion to withdraw. (ECF No. 9)[2]. The Court set a telephonic hearing on the motion for October 27, 2025. (ECF No. 13). Both Plaintiff

---

[1] When Plaintiff filed his original complaint, and when this case was removed, he was represented by counsel. Now, he proceeds *pro se*.

[2] Plaintiff's counsel later filed an amended motion to withdraw. (ECF No. 16).

and his counsel failed to attend. (ECF No. 23). The Court issued an order directing Plaintiff and his counsel to show cause as to why they failed to appear at the hearing and setting an in-person show cause hearing for November 12, 2025.  (ECF Nos. 23-24). The order explicitly warned Plaintiff that failure to comply could result in sanctions, up to and including monetary fines and dismissal of his lawsuit. (ECF No. 24). Plaintiff's counsel filed a timely response to the show-cause order. (ECF No. 25). At the show-cause hearing on November 12, 2025, Plaintiff's counsel and Defendant's counsel appeared, but Plaintiff did not. (ECF No. 27). At the same hearing, the Court granted Plaintiff's counsel's motion to withdraw. (*Id.*).

At the PPTC on December 3, 2025, Plaintiff, now proceeding *pro se*, failed to appear. (ECF No. 32). That same day, the Court issued a notice and order to Plaintiff, ordering him to show cause as to why he failed to appear for the PPTC and again warning him that involuntary dismissal of his claims was a potential consequence of failure to comply. (ECF No. 33). Plaintiff failed to show cause.

"If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As recounted above, the parties have not objected to the recommended disposition of the case. The Court has reviewed the Magistrate Judge's R&R. The Magistrate Judge engaged in a thorough discussion of the relevant law, and the Court finds that the R&R is not clearly erroneous and is amply supported by the record. As the Magistrate Judge notes, while fair notice must be given to a party or his or her counsel before dismissal of a case, *see Ball v. City of Chicago*, 2 F.3d 752, 755-56 (7th Cir. 1993), the Court explicitly warned Plaintiff that his claims might be dismissed if he failed to comply with its orders. R&R at 5; ECF No. 33. And while mail has been returned from Plaintiff as undeliverable, *see* ECF Nos. 29, 37, "litigants . . . bear the burden of

filing notice of a change of address." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (internal quotation marks omitted). Accordingly, the Court adopts the Magistrate Judge's recommended disposition of the case.

The Report and Recommendation (ECF No. 36) is ADOPTED IN ITS ENTIRETY. Plaintiff's claims are DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of Plaintiff's failure to appear as ordered or to otherwise prosecute his case. The Clerk is directed to enter final judgment against Plaintiff and in favor of Defendant.

SO ORDERED on March 11, 2026.

s/ Holly A. Brady_____
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT